### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

```
_____
                                      )
CELSO LUIZ DA SILVA,                  )
                                      )
                 Petitioner,          )
                                      )
v.                                    )        Civil Action
                                      )        No. 25-cv-10735-PBS
KRISTI NOEM, as Secretary of the      )
Department of Homeland Security;      )
CALEB VITELLO, Acting Director of     )
the U.S. Immigration & Customs        )
Enforcement; TODD M. LYONS,           )
Director of the U.S. Immigration      )
& Customs Enforcement for the         )
Boston Field Office,                  )
                                      )
                 Respondents.         )
_____)
```

### SERVICE ORDER AND ORDER CONCERNING
### DETERMINATION OF JURISDICTION

March 31, 2025

Saris, D.J.

Petitioner Celso Luiz Da Silva ("Petitioner") has filed a petition for a writ of habeas corpus. The petition names as respondents Kristi Noem, as Secretary of the Department of Homeland Security; Caleb Vitello, Acting Director of the U.S. Immigration & Customs Enforcement; and Todd M. Lyons, Director of the U.S. Immigration & Customs Enforcement for the Boston Field Office.

Upon review of the petition, the Court hereby **ORDERS** as follows:

1.   The clerk of this court shall serve a copy of the petition upon Respondents and the United States Attorney for the District of Massachusetts forthwith.

2.   A federal district court "always has jurisdiction to determine its own jurisdiction," including its own subject matter jurisdiction. Brownback v. King, 592 U.S. 209, 218-19 (2021) (quoting United States v. Ruiz, 536 U.S. 622, 628 (2002)). In order to give the court an opportunity to consider whether it has subject matter jurisdiction -- and if so to determine the validity of the habeas petition -- the court may order the respondent to preserve the status quo. See United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) (explaining that a "District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Such an order is valid unless and until it is overturned, even when the issuing court lacks subject matter jurisdiction to determine the merits of the underlying action. See id. at 294-95 (upholding criminal contempt convictions for violations of a preliminary injunction even if the district court had no jurisdiction to decide the underlying matter).

3.   Accordingly, unless otherwise ordered by the Court, Petitioner shall not be moved outside the District of Massachusetts without Respondents first providing advance notice of the intended move. Such notice shall be filed in writing on the docket in this

proceeding and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings. Once that notice has been docketed, Petitioner shall not be moved out of the district for a period of at least 48 hours from the time of that docketing. If the 48-hour notice period "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C). The time period may be shortened or extended as may be appropriate by further order of the Court.


SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge